UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JACK THOMAS FORDE, et al., on behalf of :
themselves and others similarly situated, :

              Plaintiffs,

        -v-

WATERMAN STEAMSHIP
CORPORATION,

           Defendant.
------------------------------------------------------------ X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: **SEP 1 8 2013** |

12 Civ. 3396 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On April 30, 2012, Plaintiffs filed this class action against Waterman

Steamship Corporation ("Waterman" or "Defendant"), pursuant to Federal Rule of

Civil Procedure 9(h) and under the general maritime law and Shipowner's Liability

Convention, for the overtime and vacation pay components of unearned wages to

which they allege they were entitled after they "suffered illness or injury in the

service of Defendant's vessel(s) on inter-coastal/foreign/high seas voyages." (Compl.

¶¶ 2-4, ECF No. 1.) Plaintiffs have since filed four amended complaints—the last

on October 16, 2012—which ultimately joined sixteen individuals as Plaintiffs in

this action. (See ECF Nos. 4, 6, 13, 15.)

On February 11, 2013, Plaintiffs moved for class certification, pursuant to

Rule 23, of a class of seamen who "were not paid the overtime wages that they

would have otherwise earned under Defendant's employment in the service of its

vessels." (Pl.'s Mem. of Law, ECF No. 20 at 1 ("Pl.'s MOL").) Also on February 11,

2013, Lonnie W. Jones, Sr. ("Jones") filed a motion to intervene in this action pursuant to Rules 23(d)(2) and 24(b). (Jones Mot. to Intervene at 1, ECF No. 18 ("Jones Motion").) Jones alleges he is a potential class member because he departed one of Defendant's vessels on or about January 29, 2008 "with an illness for which he was not paid overtime unearned wages." (Id. at 1.)

On March 4, 2013, United States District Judge Thomas P. Griesa granted the parties' request to stay this action in light of the appeal in Padilla v. Maersk Line, Ltd. that was pending before the Second Circuit at that time, and which had the potential to "constitute controlling precedent with regard to the legal issues presented" in this case. (ECF No. 23.) This case was transferred to the undersigned on June 6, 2013. On June 29, 2013, the parties informed the Court of the Second Circuit's June 25, 2013 decision in Padilla. (ECF Nos. 26, 27.) In light of the Padilla decision, discussed infra, the Court ordered the parties to brief the open motions to certify a class and to intervene. (ECF No. 28.) Defendant submitted its opposition papers on July 29, 2013. (ECF Nos. 30-32.) Plaintiffs submitted their reply papers on August 5, 2013. (ECF No. 33.)

For the reasons set forth below, Plaintiffs have failed to meet their Rule 23 burden of establishing numerosity for their proposed class after application of the relevant collective bargaining agreement provisions and the appropriate statute of limitations period (which excludes proposed intervenor Jones from the proposed class). Accordingly, Plaintiffs' motion for class certification and Jones's motion to intervene are DENIED.

2

I.     RELEVANT FACTUAL BACKGROUND

This is not the first class action brought by Plaintiffs' counsel against

Defendant for unearned wages inclusive of overtime under the general maritime

law.  On July 13, 2010, Plaintiffs' counsel filed, by his own admission, a "virtually [ ]

identical class action" against Waterman in the United States District Court for the

Eastern District of Michigan.[1]  (Pl.'s MOL at 3; Decl. of Dennis O'Bryan Ex. 2, ECF

No. 21 ("O'Bryan Decl.").)  In that case, United States District Judge Thomas L.

Ludington, applying Sixth Circuit law, granted summary judgment for Waterman

and dismissed the plaintiff's[2] claim for unearned wages inclusive of overtime with

prejudice.  Smith v. Waterman S.S. Corp., No. 10-12759-BC, 2012 WL 488869, at *3

(E.D. Mich. Feb. 15, 2012).  The Smith court contrasted Sixth Circuit precedent

with the more permissive approach to unearned wage claims in the Southern

District of New York, which the plaintiff had urged the court to adopt.  Id.

(distinguishing the "but for" test used in Padilla v. Maersk Line, Ltd., 603 F. Supp.

2d 616 (S.D.N.Y. 2009), to determine what kinds of payments are included in a

claim for unearned wages).  In granting Waterman's motion for summary judgment

in that case, Judge Ludington denied the plaintiff's pending motion to certify a class

as moot.[3]  Smith, 2012 WL 488869, at *3.

---

[1] The Court notes that Plaintiffs' Memorandum of Law states the Smith v. Waterman Steamship Corp. action was filed in the Eastern District of Michigan on July 13, 2012.  The Court believes this to be a typographical error—the complaint in that action was filed on July 13, 2010.  (See O'Bryan Decl. Ex. 2.)

[2] The named plaintiff in Smith v. Waterman Steamship Corp., Jared Smith, is not one of the potential class members in this case.

[3] The Court notes that this action was filed in the Southern District of New York less than two and a half months after Judge Ludington's dismissal in Smith.

3

On July 1, 2012, the Standard Freightship Agreement between Waterman and the Seafarer's International Union, Atlantic, Gulf Lakes and Inland Waters District/NMU, SIUNA AFL-CIO (the "SIU") became effective, with a termination date of June 30, 2017 (the "Agreement"). (Decl. of Lisa G. Johnston ¶ 5, Ex. A at 1, ECF No. 31 ("Johnston Decl.").) The SIU is the sole and exclusive bargaining representative of all unlicensed personnel working aboard Waterman vessels, and the Agreement constitutes a collective bargaining agreement. (Id. ¶ 5.) The Agreement defines "unearned wages" as "base wages." (Id. ¶ 5, Ex. A at 7.) In other sections, the Agreement sets forth specific schedules for "wages" (per month) and "overtime" (per hour) for the various positions in each department. (Id. Ex A at 10-11, 29, 37, 51.)

On January 7, 2013, Defendant's counsel sent Plaintiffs' counsel a list of 24 names and addresses of potential class members. (O'Bryan Decl. Ex. 1.) The letter states that Defendant's counsel did not include "persons who are represented by other counsel, those who have settled their claims, seafarers who worked on U.S. Government vessels, and the current Party-Plaintiffs." (Id.)

In support of this motion, on July 29, 2013, Defendant submitted a spreadsheet showing all "merchant seaman who became not fit for duty while working aboard a Waterman vessel from October 1, 2007 to June 30, 2012." (Johnston Decl. ¶ 6, Ex. B.) The spreadsheet was prepared by Lisa G. Johnston, the Marine Healthcare Administrator of International Shipholding Corporation, the parent company of Defendant. (Id. ¶ 1.) Johnston declares, under penalty of

4

perjury, that she prepared the spreadsheet by reviewing Defendant's business records which are, to the best of her knowledge, true and accurate. (Id. ¶ 6.) This spreadsheet updates a prior spreadsheet that Defendant produced to Plaintiffs' counsel in discovery in the Smith litigation, which listed the individuals who became not fit for duty while working aboard a Waterman vessel from October 2007 through October 2010. (Id. ¶ 6 n.2; O'Bryan Decl. Ex. 3.)  Plaintiffs do not question the authenticity or accuracy of either spreadsheet, and in fact rely on it in support of their motion.

According to Defendant, the revised spreadsheet reflects a potential class size of 32 individuals, six[4] of which are already Plaintiffs in this action.  (Johnston Decl. ¶¶ 7-8.)  Defendant arrives at this number by excluding any individual who either:

- previously provided a release to Defendant;

- became entitled to unearned wages after July 1, 2012, the effective date of the Agreement;

- "became not fit for duty while working aboard a US Government vessel under the Maritime Prepositioning Ship Program";

- completed the voyage in question such that he received earned wages rather than unearned wages;

- does not appear in the business records of Defendant as having ever worked for Defendant (such as named plaintiff Eugene Thomas Williams);

- are represented by other attorneys, either in active litigation against or settlement discussions with Defendant; or

---

[4] Though Defendant states that only five of the Plaintiffs have "viable claims" based on its spreadsheet, the Court notes that six of the named Plaintiffs appear on Defendant's list of 32 potential class members. (Johnston Decl. ¶ 8, ECF No. 31.)  The Court finds this discrepancy immaterial to its discussion of numerosity, infra.

> • were paid unearned wages by Defendant more than three years before
> either the action was commenced on April 30, 2012 (such as proposed
> intervenor Jones) or, in the case of the named Plaintiffs, the date they
> were joined by filing an amended complaint.

(<u>Id.</u> ¶ 7.)

Plaintiffs contest two of these limitations—the July 1, 2012 end date after which potential claims may not accrue due to the effective date of the Agreement, and the three-year statute of limitations period applicable to these claims. (Pl.'s Reply Mem. of Law at 2-3, ECF No. 33 ("Pl.'s Reply").) Though the Agreement does limit recovery for unearned wages to base wages, Plaintiffs argue that the Agreement does not "set an actual or maximum rate" of unearned wages. (<u>Id.</u> at 2.) Plaintiffs also argue that the appropriate statute of limitations for the claims asserted in this case, and thus for the proposed class, is six years. (<u>Id.</u> at 2-4.)

II.   STANDARD FOR CLASS CERTIFICATION AND NUMEROSITY

In 2011, the Supreme Court reiterated the long-standing principle that litigation by way of a class is the exception and not the rule. <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S.Ct. 2541, 2550 (2011) (<u>citing</u> <u>Califano v. Yamasaki</u>, 442 U.S. 682, 700-701 (1979)). Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. To be certified, a proposed class must first meet the four prerequisites included in Rule 23(a), and additionally, must meet the requirements contained in at least one Rule 23(b) subsection. <u>See</u> <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2548 (2011).

Pursuant to Rule 23(a), a plaintiff seeking certification first must demonstrate that: (1) the class is so numerous that joinder of all members is

6

impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  See Fed. R. Civ. P. 23.  These requirements are colloquially referred to, respectively, as numerosity, commonality, typicality, and adequacy. The party seeking class certification must demonstrate by a preponderance of the evidence that it has met the elements of Rule 23(a).  Novella v. Westchester Cty., 661 F.3d 128, 149 (2d Cir. 2011).

"In determining whether a proposed class 'is so numerous that joinder of all members is impracticable,' courts look at a number of factors, including: (1) judicial economy arising from the avoidance of a multiplicity of actions; (2) the geographic dispersion of class members; (3) the financial resources of class members; (4) the ability of claimants to institute individual lawsuits; (5) the amount of each member's individual claim; (6) knowledge of the names and existence of the potential class members; and (7) whether potential class members have already joined other actions."  Primavera Familienstiftung v. Askin, 178 F.R.D. 405, 410 (S.D.N.Y. 1998) (citing Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993); Block v. First Blood Assocs., 125 F.R.D. 39, 42 (S.D.N.Y. 1989)).

Courts have found that the smaller the class, the less likely a court will find the numerosity requirement is met.  See, e.g., CL-Alexanders Laing & Cruickshank v. Goldfeld, 127 F.R.D. 454, 455 (S.D.N.Y. 1985) (twenty-five insufficient); Ansari v. New York Univ., 179 F.R.D. 112, 114 (S.D.N.Y. 1998) (twenty-one or fewer suggest

no class). According to the Second Circuit, "[n]umerosity is presumed at a level of 40 members," Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995), though each case must be separately analyzed because a "[d]etermination of practicability depends on all the circumstances surrounding a case, not mere numbers." Robidoux, 987 F.2d at 936.

III.     LIMITATIONS ON THE PROPOSED CLASS

The Court agrees with Defendant on the two contested limitations of the potential class—the July 1, 2012 end date based on the effective date of the Agreement and the three-year statute of limitations.

The Agreement clearly defines unearned wages as base wages and excludes overtime (the payment of which is described elsewhere in the Agreement, separately from wages). (See Johnston Decl. ¶ 5, Ex. A at 7, 10-11, 29, 37, 51.) As a result, the Court finds that individuals who became entitled to unearned wages after July 1, 2012 are not properly included in Plaintiffs' proposed class, which seeks recovery for overtime as a part of unearned wages. This finding is consistent with the Second Circuit's recent decision in Padilla. In Padilla, the court considered whether "unearned wages recoverable by ill or disabled seafarers under general maritime law include overtime pay that they would have earned had they completed their voyages." Padilla v. Maersk Line, Ltd., 721 F.3d 77, 80 (2d Cir. 2013). The court noted that, "while the entitlement to unearned wages arises under general maritime law, rates for unearned wages may be defined and modified in collective bargaining agreements . . . ." Id. at 82. The collective bargaining agreement at

8

issue in Padilla did not limit the availability of unearned wages. Id. The court thus applied the general maritime law and affirmed the district court's award of unearned wages, inclusive of overtime pay, because the court properly applied a "but for" test to determine the compensation to which the plaintiff would have been entitled had he not been injured. Id. at 82-83. As discussed above, however, the Agreement expressly limits the availability of unearned wages to base wages, excluding overtime. Thus, as Defendant notes, the Second Circuit's holding in Padilla does not alter this Court's analysis as to the size of the proposed class Plaintiffs seek to certify.

With respect to the applicable statute of limitations, the Court finds that the weight of authority, discussed in detail in Cunningham v. Interlake Steamship Co., indicates that a three-year statute of limitations for Plaintiffs' unearned wage claims is appropriate. See Cunningham v. Interlake S.S. Co., 567 F.3d 758, 762-63 (6th Cir. 2009). As the court in Cunningham notes, "a number of federal courts have applied the doctrine of laches in determining the timeliness of claims for maintenance and cure." Id. at 761 (citing cases). Courts often use a three-year statute of limitations as the "analogous" statute of limitations for laches in cases such as this because three years is the statute of limitations found in other federal maritime statutes. See 45 U.S.C. § 56 (three-year statute of limitations for violations of the Jones Act); 46 U.S.C. § 30106 (three-year statute of limitations for civil actions for damages arising out of maritime torts); Jones v. Tidewater Marine, LLC, 262 F. App'x 646, 648 (5th Cir. 2008); McKinney v. Waterman S.S. Corp., 925

F.2d 1, 3-4 (1st Cir. 1991); see also Cunningham, 567 F.3d at 762 ("[I]nvoking the same three-year statute of limitations promotes the congressional policy of establishing uniformity with maritime torts.").

The Court is not persuaded by Plaintiffs' analogy of their claims to claims for wages or breach of contract under New York law. Plaintiffs' own complaint makes clear that this action was brought in federal court because of subject matter jurisdiction founded on federal maritime law. (Fourth Am. Compl. ¶¶ 2-4, ECF No. 15.) Further, only one of the sixteen named Plaintiffs in this action has a residence in the state of New York. (Pl.'s Reply at 6-7.) Finally, Plaintiffs' counsel fails to address why he previously submitted a class notice in Padilla, which was also filed and litigated in the Southern District of New York, in which he sought to certify a class of persons that were "paid maintenance and cure and wages, but not overtime wages from three (3) years prior to the date of filing, May 8, 2007 up until the present." (Decl. of Peter A. Junge Ex. A at 2, ECF No. 32.)

Plaintiffs' argument that the applicable statute of limitations should be tolled in this case because of the filing of a "virtually [ ] identical class action" in the Eastern District of Michigan on July 13, 2010 is also unavailing. In American Pipe & Construction Co. v. Utah, the Supreme Court held that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553-54 (1974). In Korwek v. Hunt, however, the Second Circuit held that

10

the <u>American Pipe</u> tolling doctrine "does not apply to permit a plaintiff to file a subsequent class action following a definitive determination of the inappropriateness of class certification." <u>Korwek v. Hunt</u>, 827 F.2d 874, 877-78 (2d Cir. 1987) ("Of the courts that have addressed squarely the specific question before this Court, all have found that the <u>American Pipe</u> tolling rule does not apply to permit putative class members to file a subsequent class action.") (internal citations omitted). The Court agrees with Defendants that the fact that the class certification motion in <u>Smith</u> was denied as moot following the dismissal of the case on the merits is of no moment. The Court is mindful of the Eleventh Circuit's warning that "plaintiffs may not piggyback one class action onto another and thus toll the statute of limitations indefinitely." <u>Griffin v. Singletary</u>, 17 F.3d 356, 359 (11th Cir. 1994) (internal quotations omitted) (citing cases). The Court finds that such concerns are especially prevalent in this case, where Plaintiffs' counsel filed a prior class action—virtually identical by his own admission—in another jurisdiction, lost, and then re-filed in the Southern District of New York two and a half months later.

Because the Court agrees with the limitations Defendant has identified, the Court finds that Plaintiffs' proposed class is limited to the 32 individuals listed in Paragraph 8 of the Johnston Declaration. Proposed intervenor Jones is not on this list because his claim accrued more than three years before this action was originally filed on April 20, 2012. Jones himself states that he "departed Defendant's vessel, the M/V Santa Cruz on or about January 29, 2008, with an

11

illness for which he was not paid overtime unearned wages." (Jones Motion at 1.)

Accordingly, Jones's motion to intervene is DENIED.

IV.   APPLICATION

The Court holds that Plaintiffs' motion for class certification fails because

Plaintiffs have failed to meet their burden of establishing numerosity.  In this case,

the proposed class consists of 32 individuals, six of whom are already parties to this

lawsuit.  Of the remaining 26 individuals, plaintiffs have had the addresses for 24 of

them since January 7, 2013—over nine months. (See Johnston Decl. ¶ 8; O'Bryan

Decl. Ex. 1.) "Knowledge of names and existence of members has been called the

'most important' factor [in establishing numerosity], precisely because it renders

joinder practicable." Primavera Familienstiftung v. Askin, 178 F.R.D. 405, 410-11

(S.D.N.Y. 1998); see Giullari v. Niagara Falls Mem'l Med. Ctr., No. 96 Civ. 0271,

1997 WL 65862, at *3 (W.D.N.Y. Feb. 5, 1997); Block, 125 F.R.D. at 43; see also

Moore v. Trippe, 743 F. Supp. 201, 211 (S.D.N.Y. 1990) ("[T]here appears to be little

difficulty in joining all the members of the [class] in this one action.  First of all, all

the members of the [class] are clearly known since plaintiffs' counsel has presented

[the court] with a list of the members' names.").

In sum, the Court is faced with a 32-member proposed class, which already

falls below the presumptive 40-member threshold set forth in Consolidated Rail,

where six of the potential class members have already been joined as named

Plaintiffs and Plaintiffs' counsel has had the names and addresses of all but two

proposed members for months.  The Court holds that Plaintiffs have failed to carry

12

their burden of showing that the proposed class is so numerous that joinder of all members of the class is impractical, as is required by Rule 23(a).

V.     CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1. Plaintiffs' motion for class certification is DENIED;

2. Jones's motion to intervene is DENIED; and

3. The parties shall appear for a status conference to discuss a schedule for prompt resolution of this action on **September 26, 2013 at 9:00 a.m.**

The Clerk of Court is directed to terminate the motions at ECF No. 17 and

ECF No. 19.

SO ORDERED.

Dated:       New York, New York
             September 18, 2013

                                        KATHERINE B. FORREST
                                        United States District Judge

13